**FIRST NATIONAL BANK OF WICHITA FALLS in Wichita Falls, Texas, a corporation, Trustee, Plaintiff in Error,**

v.

**W. F. STRICKLIN, as Guardian of the Estate of Lela Pearl Hart, an insane and incompetent person, Defendant in Error.**

No. 38069.

Supreme Court of Oklahoma.

Oct. 27, 1959.

Rehearing Denied Dec. 15, 1959.

**654**

Otey, Johnson & Evans, Ardmore, C. Coit Mock, Wichita Falls, Tex., for plaintiff in error.

Ernest W. Tate, George & George, Ardmore, for defendant in error.

DAVISON, Chief Justice.

This is the second appeal of this case to this court. See Mock v. Stricklin, guardian, Okl., 315 P.2d 247, in which this court, insofar as pertinent here, affirmed the judgment of the lower court in the cancellation of a trust agreement, but limited such cancellation to lands in Carter County and remanded the cause to the lower court for judgment in conformity with the opinion and for an accounting insofar as such lands were concerned. The events involved in the prior appeal are set forth in that opinion and will not be repeated in this opinion. Upon receipt of the opinion and mandate the lower court held further hearings in connection with rendition of judgment in accordance with our opinion.

The successor trustee, First National Bank of Wichita Falls, Texas, hereinafter referred to as trustee, filed its account of funds received by it and its application for an attorney fee in the sum of $5,000 for services of its attorneys in the action in connection with the Oklahoma trust estate and that the attorney fee be charged to the Oklahoma trust estate. The guardian filed objections to the account and to allowance of an attorney fee out of the trust funds accrued from the Carter County lands and further asked that all costs be charged to the trustee.

The evidence of the trustee in support of the application was that it was advised by its attorneys at all times that under the facts and circumstances, it was the duty of the trustee to contest the suit of the guardian to cancel the trust agreement and that if the suit was not contested there was a probability of liability on the part of the trustee; that it thereupon made an arrangement with its attorneys for representation and whereby the attorneys were to be paid a reasonable fee for their services but solely from the trust estate; that in view of the extent of the legal services rendered (detailing them) $5,000 was a reasonable fee for the attorneys; that the trust estate in Oklahoma was inventoried at $72,000 and that $24,000 had accumulated in the hands of the court clerk from oil

produced from the Oklahoma lands. Testimony of licensed and practicing attorneys was that $5,000 was a reasonable fee for the services rendered. Evidence in support of the account of the trustee was that it had received no funds of any consequence from the Oklahoma trust estate after the appointment of the guardian on June 26, 1954, and that it had expended all funds held by it including a payment of $1,687 to its attorneys for their services in connection with the Texas portion of the trust estate.

At the conclusion of the hearing the lower court rendered judgment wherein it approved the account of the trustee, directed payment from the impounded funds of costs paid by the trustee in connection with the prior appeal, charged all costs to the guardian and disallowed the application of the trustee for allowance of attorneys fees.

The trustee has filed its appeal and the guardian has filed his cross appeal to this court from the respective adverse portions of the judgment. These are the only parties before this court.

We will first pass upon the proposition of the disallowance of the attorney fee requested by trustee for services of its attorneys. It is the opinion of this court that the attorney fee should have been allowed and charged to the Oklahoma trust estate and paid from the funds accrued in the hands of the court clerk.

█ The trust agreement was a formal instrument giving the trustee complete authority over the property of the trustor with great discretion in the distribution thereof to the beneficiaries, some of whom were minors, with power to appoint a successor trustee and irrevocable. Under such an agreement the trustee is a fiduciary of the highest order, who is required meticulously to observe the fiduciary relationship and to perform the obligations of a trustee to the cestui que trust. See 90 C.J.S. Trusts § 247, page 238, and Finley v. Exchange Trust Co., 183 Okl. 167, 80 P.2d 296, 117 A.L.R. 162.

Here the trustee upon being sued for cancellation of the trust agreement and being aware of the obligations owed to the beneficiaries (some of whom were minors) under the very instrument sought to be canceled, inquired of its legal counsel what its legal obligations were and what course it should follow in the action. The advice of counsel before the original trial and before the first appeal was that the cancellation of the trust agreement should be contested. Under all facts and circumstances appearing in the record this reflected good faith on the part of the trustee. Defending the action required the use of counsel and the trustee engaged counsel under the above stated arrangement. We find no fault with such arrangement in view of the limited funds in the hands of the trustee and since all adult beneficiaries favored the cancellation of the trust. The trust instrument expressly empowered trustee to employ attorneys in the handling of the trust estate and to pay such attorneys for their services in the preservation of the trust property.

The Oklahoma Trust Act, 60 O.S.1951 § 175.24, Subd. H, authorizes employment of attorneys reasonably necessary in the administration of the estate; Subd. I(3) gives the trustee a lien for all advances and expenses incurred in the protection of the trust; and Subd. J., states:

"The powers, duties, and responsibilities stated in this Act shall not be deemed to exclude other implied powers, duties, or responsibilities not inconsistent herewith."

█ In 90 C.J.S. Trusts § 284, page 399, it is stated:

"A trustee has the right and duty to employ counsel when necessary to the proper administration, preservation, and execution of the trust and the prosecution and defense of actions, and the fees are ordinarily a charge against the trust and the trustee is entitled to reimbursement therefor."

and at page 400 it is said that as a general rule the attorney must look to the trustee for payment,

"* * * unless the contract of employment requires the attorney to look solely to the trust estate, nevertheless such fees constitute a charge against the trust fund or property; * * *"

and further at page 401:

"If the trustee acts in good faith and the litigation is reasonably necessary, he is entitled to credit or reimbursement for reasonable counsel fees, although his litigation or matter of defense is unsuccessful; * * *"

See also Bank of America National Trust and Savings Ass'n v. Long Beach Federal Savings and Loan Ass'n, 141 Cal.App.2d 618, 297 P.2d 443, at page 447, where the court said:

"The law governing the administration of trusts is that a trustee not only has the right, but it is his duty, whenever necessary to the proper administration, preservation and execution of the trust or to its defense, to employ counsel and that such counsel be paid for the service necessarily rendered out of the trust estate. Failure of the trustee to take such action without justification would impose a liability upon such trustee for any loss resulting to the estate from his failure wisely so to act."

The guardian contends the services of the attorneys were antagonistic to her rightful ownership of the property and were of no benefit and that the trustee acted in its own self-interest. The authorities cited by the guardian are not in point for the reason that they present situations where interested parties other than the trustee sought to preserve the trust or fund and in such cases the right to an attorney fee depends on the success of such actions. The instant situation is also not comparable to those situations involving the general rules as to allowance of costs and attorney fees. The trial court made no finding of fact as to the motives or good faith of the trustee. This court does not find anything in the record to sustain the charge of self-interest on the part of the trustee. The trustee was not a volunteer and employed the attorneys after being advised it should contest the action as an obligation under the trust agreement. The allowance of attorney fees did not depend on the successful defense of the action. See Hooker v. Hoskyns, Okl., 328 P.2d 404.

In view of the facts and the law it is our conclusion that the court below should have allowed the application of the trustee for an attorney fee and that the same should have been charged to the Oklahoma trust estate and paid from the funds accrued in the hands of the court clerk.

We now turn to the proposition of the amount of the attorney fee that should have been allowed. The evidence of the trustee was that $5,000 was a reasonable fee under the facts and circumstances for the services performed for trustee. The guardian introduced no contra evidence.

In the case of Murray v. Eagle, Okl., 300 P.2d 652, 654, this court said:

"In determining what sum will adequately compensate an attorney for his services, the court may properly consider the amount which is involved in the litigation and intricacies of fact and law, and every other fact or circumstance which will enable the court to fix a sum which will fairly compensate the attorney for his services."

See also Swanson v. Bates, 202 Okl. 128, 211 P.2d 781.

It is the opinion of this court after a review of all the record and the extent of the work performed and time expended by attorneys for trustee that $5,000 is a fair and reasonable fee for such services and that the application of the trustee for allowance of such fee should be sustained.

The guardian on cross appeal complains of the lower court's action in approving the

account of the trustee concerning funds received by it from the Oklahoma lands. In our opinion on the prior appeal (Mock v. Stricklin, supra) we held that the jurisdiction of the trial court to cancel the trust agreement was limited to the Carter County, Oklahoma, lands and that the trial court could require an accounting from the trustee of the income from said lands. The trustee's account reflected itemized receipts of $349.95 from Oklahoma sources and expenditure of the entire amount. On cross examination of the officer witness of the trustee the guardian introduced in evidence the ledger sheets of the trustee reflecting all receipts and expenditures of the trust. The guardian produced no other evidence. It is apparent that the trial court was endeavoring to limit the accounting to the Oklahoma lands in accordance with our prior opinion. From our examination of the record we do not find that the guardian was unduly restricted in this respect. The judgment of the trial court approving the account of the trustee is affirmed.

The guardian further complains of the action of the trial court in taxing all of the costs to the guardian. In Rodesney v. Hall, Okl., 307 P.2d 130, 131, we said:

"Costs in an equitable action may be taxed by the trial court as in its discretion may seem just and proper, and its judgment will not be reversed on appeal unless there appears to have been an abuse of that discretion."

We find no abuse of discretion on the part of the trial court in taxing all costs to the guardian and the action of the trial court is in this respect affirmed.

Judgment is affirmed in part and reversed in part and the cause is remanded with directions to enter judgment in conformity with the views herein expressed.

WILLIAMS, V. C. J., and WELCH, JOHNSON, BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.