**In the Matter of the ESTATE of Maude SIGGINS, Deceased.**

**Claude J. SIGGINS, William T. Siggins, and John G. Siggins, Co–Administrators of the Estate of Maude Mae Siggins, Deceased, Appellants,**

v.

**Maxine GREGORY, Appellee.**

No. 73927.

Supreme Court of Oklahoma.

April 19, 1994.

Robert P. Kelly, Kelly & Gambill, Pawhuska, for appellants.

Johnny P. Akers, Harris & Akers, Bartlesville, for appellee.

WATT, Justice.

Maude Siggins had three sons and a daughter, Maxine Gregory. Maxine Gregory's son, Jack Gregory allegedly embezzled $194,353.73 from his grandmother, Maude Siggins, while acting in his fiduciary capacity as Maude Siggins's de-facto guardian. Mrs. Siggins's three sons were appointed her guardians and filed a lawsuit against Jack Gregory in the district court of Tulsa County to recover funds that Jack Gregory allegedly embezzled. Osage County District Judge Mermon H. Potter entered an order in the guardianship proceeding authorizing the co-guardians to bring any and all legal actions to recover for the estate all monies belonging to it from Jack Gregory and any other person.

After Maude Siggins died, her three sons were appointed co-administrators of her estate and continued prosecuting the lawsuit against Jack Gregory through their attorney Robert Kelly. At the time of filing the final account, the lawsuit was still pending. In their General Inventory and Appraisement the co-administrators valued the lawsuit at $5000.00. The estate's assets, exclusive of the claim against Jack Gregory, were valued in the inventory as in excess of $430,000.00. In its order approving final account and ordering distribution of the estate filed April 8, 1987, the trial court awarded the Co-administrators statutory administrators' fees of $12,484.95, to be divided equally among them. The trial court awarded attorney Robert Kelly $10,000.00 for his services rendered in the probate of the estate.

The trial of the lawsuit against Jack Gregory was set for June 20, 1988; on the Friday before, the parties agreed that a judgment for $194,353.73 plus costs would be entered against Jack Gregory. The agreed judgment was memorialized by journal entry filed June 17, 1988 in the District Court of Tulsa County. The Co-administrators filed their supplemental final accounts on June 1, 1989. The supplemental final account listed receipts and disbursements but did not list the Jack Gregory judgment as an asset of the estate. On June 1, 1989 the co-administrators filed an application for approval of their supplemental final account and asked for an additional standard administrator's fee of $697.57 as compensation for the amounts handled since they filed their final account. The Co-administrators also sought an additional fee of $5,302.43, for performance of extraordinary services in connection with prosecution of the lawsuit against Jack Gregory. On the same day, attorney Robert Kelly filed an application for approval of an attorney's fee for services rendered in the estate since the entry of the final decree in February 1987. The sums Kelly sought were broken down into: 1) fees for services rendered in connection with preparation and release of unpaid income taxes and supplemental final account (49.25 hours); 2) services rendered in obtaining the judgment against Jack Gregory (120 hours spent since the original final account); 3) additional expenses in distribution and sale of property and dissolution of the cattle company ($216.00); and 4) $1,398.10 for out of pocket expenses connected with obtaining judgment in the Jack Gregory lawsuit. An itemized statement for Kelly's services at the rate of $85.00 per hour was attached.

Maxine Gregory filed notice of intent to object to the accounting. After a hearing on June 23, 1989, the trial court ordered all fees not involved in the Jack Gregory lawsuit to be paid out of estate funds. The trial court ordered the balance of $5,316.00 paid to the co-administrators. The trial court also ordered the $1,398.10 out of pocket expenses and the $10,200.00 attorney's fee, incurred in the Jack Gregory lawsuit, to be paid only out of monies that might be collected from the Jack Gregory judgment. The trial court then ordered that the awards be paid in the following order:

First, $1398.10 to attorney Kelly for costs; Second, $5316.00 to the co-administrators; and Third, $10,200.00 attorney fee to Kelly. On July 5, 1989, the co-administrators and attorney Robert Kelly filed motions for new trial. By order dated August 15, 1989, the trial court denied the motions for new trial.

The co-administrators and attorney Kelly appealed from the trial court's order that made payment of co-administrators fees and

attorney's fees and costs rendered in prosecution of the judgment against Jack Gregory contingent upon collection of the judgment. The Court of Appeals affirmed, Garrett, J. dissenting. We granted certiorari. We vacate the opinion of the Court of Appeals and reverse the trial court's order limiting payment of fees and expenses incurred in connection with the Jack Gregory judgment to the monies collected from the Gregory judgment.

We are presented with the question whether the trial court erred in limiting payment of the attorney's fees, co-administrators' fees and expenses, incurred in successfully prosecuting the Gregory case on behalf of the estate, to the monies that might be collected from the judgment. We hold that the trial court erred in not ordering the sums to be paid from the estate.

Maxine Gregory maintained on appeal that the trial court did not err because the administrators had been paid for their services within the statutory guidelines. Maxine Gregory claimed that, during the administrators' tenure, the administrators estimated the value of the Gregory lawsuit at only $5,000.00 in the original inventory. Because the attorney and administrators never, under their previous filings, requested a fee for their extraordinary services in connection with the Jack Gregory lawsuit, and because the estate had collected nothing on the Jack Gregory judgment, Maxine Gregory urges that the trial court did not abuse its discretion in approving payment for extraordinary services only if such action proved beneficial to the estate.

Title 58 O.S. 1981 § 525 provides that executors or administrators shall be allowed "all necessary expenses in the care, management and settlement of the estate, and for his services, such fees as are provided [in the Probate Code]." Under § 527, where no compensation is provided by the will, fees and commissions to the executor of an estate are payable according to a schedule set forth in the statute. In addition to the scheduled commissions allowed upon the estate accounted for by him, § 527 further provides: "In all cases such further allowance may be made, as the judge of the district court may deem just and reasonable, for any extraordinary service. The total amount of such allowance must not exceed the amount of commissions allowed by this section."

The trial judge allowed the amounts claimed by the co-administrators and their attorney for extraordinary services rendered the estate. Maxine Gregory did not object to the hourly rate of $85.00 per hour. The co-administrators and their attorney appeal from the portion of the trial court's order limiting payment for the extraordinary services to amounts collected from the Jack Gregory judgment. We are limited to a determination whether the trial court erred in limiting payment for extraordinary services to amounts collected from the Jack Gregory judgment. Maxine Gregory's argument in support of the trial court's ruling is that extraordinary fees are measured by the quantum of benefit conferred by the service, citing *Estate of Bartlett,* 680 P.2d 369 (Okla. 1984). *Bartlett,* however, did not deal with extraordinary fees; further, we have rejected the "common fund" doctrine as applied to the attorney who is representing the estate. *Hooker v. Hoskyns,* 328 P.2d 404 (Okla.1958).

This Court has approved awarding additional administrative and attorney's fees out of the estate for services performed in prosecuting or defending a lawsuit on behalf of an estate or trust, although the estate is ultimately unsuccessful in the action. *First National Bank of Wichita Falls v. Stricklin,* 347 P.2d 652 (Okla.1959); *Hooker v. Hoskyns,* 328 P.2d 404 (Okla.1958).

In *Stricklin,* the guardian of an incompetent brought an action for cancellation of a trust agreement against a successor trustee. The guardian succeeded in cancelling the trust as to lands in Carter County, Oklahoma. This Court affirmed that judgment and remanded the case to the trial court for an accounting. On remand, the successor Trustee, First National Bank of Wichita Falls, filed its account and applied for an attorney's fee of $5,000.00 for its attorney's services in connection with the Oklahoma trust estate and asked that the attorney fee be charged to the Oklahoma estate. The guardian objected and asked that all costs be charged to the trustee. The trial court ap-

proved the trustee's account and ordered payment from impounded funds of costs paid by trustee in the prior appeal, charged all costs to the guardian and disallowed the trustee's application for attorney's fees. We reversed, holding that attorney's fees should have been allowed and charged from the Oklahoma trust estate and paid from funds accrued in the hands of the court clerk. We noted that the trust agreement gave the trustee complete authority over the beneficiary's property, which made the trustee a fiduciary of the highest order. When the trustee was sued for cancellation of the trust it inquired of its legal counsel as to its legal obligations, and was advised that it should contest the cancellation suit. The trust instrument specifically authorized the trustee to employ attorneys and to pay them for services in preservation of trust property. We noted that while ordinarily the attorney must look solely to the trust estate for payment, such fees constitute a charge against the trust fund or property. If the trustee acts in good faith and if the litigation is reasonably necessary, the trustee is entitled to reimbursement for reasonable counsel fees.

Likewise, in *Hooker*, where the argument had been made that no attorney's fees may be allowed except for services used and useful to the estate of the deceased as a whole, we said that such attorneys were entitled to payment of a reasonable fee.

In *Hooker*, litigation had continued for over five years. There, Flora Barton's special administrator had sued to cancel deeds given by the deceased during her lifetime. Flora Barton's special administrators were ultimately unsuccessful. Once the litigation had been completed, the special administrators asked to be discharged, and the court ordered the special administrators to file their final account. In their final account, the special administrators prayed that fees be set and allowed for themselves and their attorneys. The current administrator objected. The county court approved the final account and awarded the special administrators $500.00 each and an attorney's fee of $12,500.00 to be paid from estate assets.

This Court affirmed the award of attorneys fees, but reversed on another issue.

In *In re Rettenmeyer's Estate*, 345 P.2d 872 (Okla.1959), *overruled on other grounds*, 645 P.2d 500 (Okla.1982), the probate record involved was described as abounding with contentious matters from the inception of the probate which resulted in numerous hearings, appeals and litigation and extensive briefing and oral argument before this Court. This required the attorneys to expend much time in their representation of the executor. We allowed an additional attorney's fee for extraordinary services.

Title 58 O.S. 1981 §§ 251 et. seq. sets out the powers and duties of executors and administrators. Under § 251, "The executor or administrator must take into his possession all the estate of the decedent, real and personal, except the homestead and personal property not assets, and collect all debts due to the decedent or to the estate." Under § 252, "Actions for the recovery of any property, real or personal, or for the possession thereof, and all actions founded upon contracts, may be maintained by and against executors and administrators in all cases and in the same courts in which the same might have been maintained by or against their respective testators and intestates." Under § 253, "Executors and administrators may ... maintain actions against any person who has wasted, destroyed, taken or carried away, or converted to his own use, the goods of their testator or intestate in his life-time."

The trial court recognized that both regular and extraordinary fees may be claimed by attorneys and administrators at any time up to and through closing of the estate. The trial court awarded the amounts asked by the co-administrators and attorney Kelly for extraordinary fees, but made payment of those fees contingent upon collection of the Jack Gregory judgment. This was error. We said in *Estate of Bartlett*, 680 P.2d 369, 379 (Okla.1984) that attorney fees are not paid out of the estate by virtue of an employment contract. Rather, they are paid because the personal representative is entitled to reimbursement for fees necessarily incurred in administration of the estate or in litigation for the benefit of the estate. Under such

circumstances we held that the attorney's fee would be collectible from either personal representative, who is in turn entitled to contribution from the other. The personal representative may, in a proper case, seek reimbursement from the estate. We noted that an attorney has standing to apply directly to the estate for fees which the trial court may grant even if the administrator or executor objects.

Maxine Gregory contends that the question of the reasonableness of the fee was properly left to the trial court's sound discretion. Thus, that ruling should not be disturbed on appeal, citing *Estate of Bartlett,* Id. While it is true that the trial court has sound discretion as to the *reasonableness* of the fee sought, this is a different question from that of *how* the fee is to be paid. The trial court erred in ordering payment of "extraordinary fees" only from amounts collected from the judgment. The trial judge, in making his ruling, was perhaps influenced by attorney Kelly's statement that he felt that there was a good likelihood of collecting on the judgment. Maxine Gregory, however, did not contend in the trial court that the extraordinary fees should be made contingent upon recovery of the judgment; she objected only to the allowance of the fees.

Co-administrators argue that the trial judge turned an hourly rate attorney fee into a contingent fee. Co-administrators claim that the trial court failed to follow guidelines established by this court as to what would be a reasonable contingent fee and failed to receive evidence of the time and effort necessary to collect the judgment, under *Oliver's Sports Center, Inc. v. National Standard Insurance Co.,* 615 P.2d 291 (Okla.1980). The attorney's fee sought by attorney Kelly was based upon an hourly rate of 120 hours at $85.00 per hour and the trial judge awarded that amount.

The co-administrators and attorney Kelly performed their services for the estate, pursuant to the statutory duty of the administrators to preserve the estate and to pursue the estate's debtors. We hold that the trial court erred in limiting payment of the extraordinary fees of the co-administrators and attorney Kelly to collections from Jack Gregory

judgment. We reverse the trial court's order, with directions to order the extraordinary fees paid from the estate's assets.

CERTIORARI HAVING BEEN GRANTED PREVIOUSLY, WE VACATE THE OPINION OF THE COURT OF APPEALS AND REVERSE THE TRIAL COURT'S ORDER WITH DIRECTIONS TO ORDER PAYMENT OF THE EXTRAORDINARY FEES OF THE CO–ADMINISTRATORS AND THEIR ATTORNEY FROM THE ESTATE.

HODGES, C.J., LAVENDER, V.C.J., and SIMMS, HARGRAVE, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

OPALA, J., concurs in result.