2011 OK CIV APP 66

**In the Matter of the ESTATE OF Hattie K. DAVIS, Deceased.**

**Burns Davis, Appellant,**

v.

**First National Bank & Trust Company of Chickasha, Appellee.**

**No. 107,860.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 14, 2011.

Rehearing Denied Feb. 23, 2011.

Certiorari Denied May 16, 2011.

Daniel S. Sullivan, Mark E. Hardin, Pierce, Couch, Hendrickson, Baysinger & Green, L.L.P., Tulsa, Oklahoma, for Plaintiff/Appellant,

David K. Ratcliff, April Chasteen, Ivy, Ratcliff & Chasteen, P.C., Chickasha, Oklahoma, and Kelli M. Masters, Terry W. Tippens, Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, Oklahoma, for Defendant/Appellee.

CAROL M. HANSEN, Judge.

¶1 Appellant, Burns Davis (Personal Representative), seeks review of the trial court's order (1) allowing compensation to Appellee, First National Bank & Trust Company of Chickasha (Bank), as constructive trustee and special administrator in the probate of the estate of Hattie K. Davis (Decedent), (2) allowing fees and costs of Bank's attorney, (3) allowing fees of Bank's expert witness, (4) denying Personal Representative's motion for reconsideration or new hearing, and (5) approving Bank's final account and granting final discharge and release. We affirm because the trial court's order is not contrary to the clear weight of the evidence or contrary to law.

¶2 Personal Representative is Decedent's stepson. In 1988, Decedent executed a will leaving her estate to Personal Representative and his sister. In 1999, a limited guardian was appointed for Decedent, and soon thereafter Decedent executed another will reducing the portion she left to her stepchildren and adding bequests to the guardian, family members of Decedent's attorney, and others.

¶3 Decedent died on June 13, 2001. A beneficiary of the 1999 will petitioned to admit it to probate. Personal Representative contested the 1999 will and petitioned to admit the 1988 will to probate. While the will contest was ongoing, the trial court appointed Bank as special administrator of the estate. It granted summary judgment to the proponent of the 1999 will, finding the will was properly executed but reserving the issue of whether it should be admitted to probate. On Personal Representative's motion, the trial court later set aside all orders in the guardianship and probate matters as void due to fraud perpetrated on the court, Decedent, and her heirs. In *In Re Estate of Davis*, Case No. 101,271 (Oct. 11, 2005), the Court of Civil Appeals affirmed, finding the orders were facially void. As to the probate, it reasoned the trial court lacked jurisdictional power to grant partial summary judgment to the will proponent.

¶4 When the probate resumed in 2006, Bank filed a report on the assets of the estate, and sought to interplead the funds. The trial court did not order interpleader, but reappointed Bank as special administrator at the request of Personal Representative and his sister. A few months later, the trial court appointed Personal Representative as the estate's personal representative. Bank moved for attorney fees of $6,767.35 for services from February 2, 2004 to October 2, 2006, and for $3,200.00 in compensation for Bank's services as special administrator. Bank also filed a final report and sought discharge from its duties and release from liability. Personal Representative objected to the motion and final report, complaining of Bank's conduct and asserting Bank had nev-

er filed a general inventory, yearly accountings, or a final accounting.

¶ 5 Bank then filed an accounting showing the transactions in the estate accounts for the years 2001–2007, separated by year. The attachments to the accounting included detailed time records of Bank's attorney.

¶ 6 At Personal Representative's request and upon his allegations of fraud and suspicious conduct, the trial court appointed a special master to verify the accuracy of the final account, to verify that all assets of the estate coming into Bank's control were transferred to Personal Representative, and to verify Bank's fee. After the special master requested clarification, the trial court directed the special master to perform a special audit in the form of an overview of the records, and not an independent accounting, for the purpose of identifying any material misstatements in Bank's filings.

¶ 7 The special master filed his report on November 5, 2008. He generated a general ledger, balance sheet, and profit and loss statement for each year. He footnoted any discrepancies between his documents and Bank's documents; for example, he recorded assets at market value whereas Bank recorded the cost basis. The special master concluded, "All funds are accounted for and no suspicious items arose." He calculated Bank's administrative fees at $14,781.92 for the period it served as constructive trustee and $5,036.70 for the period it served as special administrator, for a total fee of $19,818.92, of which Bank had been paid $10,271.27, leaving a balance of $4,510.65. The special master stated his own fee to date was $11,650.00.

¶ 8 On July 9, 2009, Bank filed a supplemental motion seeking additional attorney fees and costs of $18,384.06 for the time period October 17, 2006 to June 5, 2009, and requesting the court to order Personal Representative to pay a total amount of $26,626.40 to Bank's attorney and $8,592.39 to Bank. Attached to the motion were detailed time records for Bank's attorney. Personal Representative objected, asserting Bank and its attorney were not entitled to fees because Bank's acts were set aside and voided, it did not fulfill its fiduciary duty to

the estate, it failed to file timely annual accountings, and it ratified the fraud upon Decedent, her heirs, and the court.

¶ 9 On November 12, 2009, Bank filed another supplemental motion seeking $2,850.00 in attorney fees from June 6, 2009 to November 13, 2009, attaching detailed time records of its attorney. It also filed an amended motion seeking $1,912.50 in expert witness fees for its witness who testified to the reasonableness of its attorney fees.

¶ 10 The trial court heard some of the issues in this matter on February 28, 2007, and July 25, 2007. On November 13, 2009, it took additional testimony and heard the remaining issues. It issued its order on December 8, 2009, awarding Bank $14,781.92 for constructive trustee fees and $3,284.43 as special administrator fees, for a total of $18,066.35, of which $7,795.80 remained due. It awarded Bank's attorney $36,460.61 in fees and costs, of which $25,559.74 remained due. It allowed fees of $1,912.50 to Bank's expert witness. The trial court denied Personal Representative's motion for reconsideration and granted discharge and release from liability to Bank. Personal Representative appeals from this order.

■ ¶ 11 Probate proceedings are of equitable cognizance. Therefore we will examine the whole record and weigh the evidence, but will not disturb the trial court's order unless it is clearly against the weight of the evidence or contrary to law. *In re Estate of Sneed,* 1998 OK 8, 953 P.2d 1111, 1115. This appeal is not from a final accounting in this case but is from an order awarding fees against the estate and discharging the special administrator; therefore this appeal is from an interlocutory order appealable pursuant to 58 O.S.2001 § 721(7). Its scope is limited to the matters decided in this order; we will not consider errors arising from previous interlocutory orders in the case.

■ ¶ 12 Personal Representative challenges the fee award to Bank, asserting Bank exceeded its authority and performed deficiently. The role of a special administrator is to collect and take charge of the estate of the decedent when there is a delay in granting letters testamentary or of administration.

58 O.S.2001 § 211. The trial court may make the appointment without notice and must make a minute entry specifying the powers to be exercised by the administrator. § 212. After the person appointed has given bond, the judge must issue letters of administration to the person. *Id.* The special administrator must give bond as the court directs and take an oath. § 214. Its duties include "collect[ing] and preserv[ing] for the executor or administrator all the goods, chattels, debts and effects of the decedent, all incomes, rents, issues and profits, claims and demands, of the estate, ... and preserve from damage, waste and injury, the real estate." § 215(A). If the special administrator serves for more than sixty days, it may apply to the court for approval to give notice to creditors and to pay their claims. § 215(B). Its powers cease upon the trial court's granting letters testamentary or of administration. § 216. It must render an account on oath of its proceedings in the same manner as other administrators, and is entitled to a fee to be determined by the court, in its discretion, not to exceed the fee allowed under § 527 to other administrators. § 217.

¶ 13 In exercising its discretion, the trial court may not reduce compensation as a penalty for the improper administration of the estate. Rather, it should measure the administrator's fee by the quantum of benefit conferred by its services. *In re Estate of Bartlett,* 1984 OK 9, 680 P.2d 369, 378.

¶ 14 The trial court appointed Bank to serve as special administrator at a time when letters of administration were delayed by a will contest. It directed no bond. Bank had the duty to collect the assets at issue, including those in Personal Representative's possession, and preserve those assets for whoever won the will contest, whether it was Personal Representative and his sister or the competing claimants. Bank performed this duty in compliance with the trial court's directives. Bank did not have the duty of probating Decedent's will.

¶ 15 Bank continued to hold, manage, and invest the assets and income of the estate from its appointment in 2001 until Personal Representative was appointed in 2006 to administer the estate. The order vacating all orders in the probate presumably vacated the order appointing Bank as special administrator, although the appellate court based its affirmance solely on the facial voidness of the summary judgment order. In determining a fee for Bank's services, the trial court equitably treated Bank as an implied trustee for the time period of the initial probate and appeal and as a special administrator after the second order of appointment.

¶ 16 Oklahoma Statutes require an accounting, but they do not require the accounting to be in a particular form. The purpose of the accounting is to enable the trial court to determine whether the special administrator performed its duty of collecting and preserving the assets of the estate. Bank fulfilled its duty to account to the trial court for all assets, income, and expenses of the estate during the entire period of its service by filing a report of the estate assets and a report showing all transactions in the estate accounts. The special master verified Bank performed its duty when he concluded Bank had accounted for all funds.

¶ 17 The special master calculated the compensation allowable to Bank to be $19,818.92, more than the $18,066.35 the trial court awarded. Given that Bank safeguarded the estate assets for six years with Personal Representative's agreement, we find no abuse of discretion in the trial court's award of compensation to Bank.

¶ 18 Bank is entitled to reimbursement of its administrative costs, including attorney fees. 58 O.S.2001 § 525. Attorney fees are not paid out of the estate by virtue of an employment contract, but are paid because the administrator is entitled to reimbursement for fees necessarily incurred in administration of the estate or in litigation for the benefit of the estate. *In re Estate of Siggins,* 1994 OK 40, 872 P.2d 932, 935–936. The trial court's action is an approval of reimbursement, and not an award of attorney fees subject to *State ex rel. Burk v. City of Oklahoma City,* 1979 OK 115, 598 P.2d 659. Bank's attorney submitted time records showing the attorney fees were reasonable and necessary expenses of the estate. The expert witness fees were similarly supported

by time records. We find no abuse of discretion in the trial court's approval of the attorney fees and expert witness fees.

¶ 19 We also find no abuse of discretion in the trial court's refusal to surcharge Bank for the fees of the special master or for any portion of Bank's attorney fees. Upon seeking discharge, Bank filed an accurate final report and sought attorney fees in the amount of $6,767.35. All remaining attorney fees and the fees of the special master were necessitated by Personal Representative's own actions in opposing payment of Bank's compensation and expenses.

¶ 20 The trial court properly granted Bank's application for discharge and release from liability. As noted above, the special master verified all assets of the estate coming into Bank's control were transferred to Personal Representative. The trial court's order states Personal Representative appeared with counsel at a consolidated hearing on November 13, 2009 on all matters concerning Decedent's estate. Personal Representative asserts Bank's request for discharge and release was not heard that day but has not submitted a transcript of the hearing except for an excerpt of the special master's testimony. Personal Representative has failed to submit a record showing he lacked notice of hearing on Bank's discharge and release.

¶ 21 For the foregoing reasons, the trial court's order is AFFIRMED.

HETHERINGTON, P.J., and
BUETTNER, J. (sitting by designation),
concur.