OSCN Found Document:Question Submitted by: The Honorable Andy Fugate, Oklahoma House of Representatives, District 94

 

 
 Question Submitted by: The Honorable Andy Fugate, Oklahoma House of Representatives, District 942026 OK AG 7Decided: 05/08/2026ATTORNEY GENERAL OPINION
Cite as: 2026 OK AG 7, __ P.3d __

 
¶0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following questions:

1. Is the Board of Investors ("Board") of the Tobacco Settlement Endowment Trust ("TSET") Fund required to follow the prudent investor rule?

2. Does the Board have the authority to initiate stockholder action against companies in which the TSET Fund has invested?

I.

SUMMARY

¶1 The answer to both questions is yes. As trustee for the TSET Fund, the Board is bound by Oklahoma trust law, as well as statutes specifically governing the TSET Fund, to manage the TSET Fund assets in accordance with the prudent investor rule. Likewise, the Board's duty to manage the assets as trustee includes taking action as a stockholder, when necessary and appropriate, to protect the value of investments held in the TSET Fund.

II.

BACKGROUND

¶2 In 1998, the State of Oklahoma participated in a landmark multistate settlement with the tobacco industry that provided for a series of annual payments to the State to address ongoing health costs associated with tobacco use. See Tobacco Settlement Endowment Tr. Fund v. Stitt, 2026 OK 1583 P.3d 280 2023 OK AG 5See 2011 OK AG 11Id. § 40(C). The five-member Board is chaired by the State Treasurer and includes one appointee each by the Governor, Speaker of the House of Representatives, President Pro Tempore of the Senate, and State Auditor and Inspector. Id.

¶3 In 2001, the Legislature passed the Tobacco Settlement Endowment Trust Fund Act ("TSET Act"), 62 O.S.2021, §§ 2301Id. § 2306(A)--(C). Each year, based on the consideration of statutory factors, the Board certifies the TSET Fund's earnings from the prior fiscal year to be expended on programs described in article X, section 40 of the Oklahoma Constitution. Id. § 2307.

III.

DISCUSSION

¶4 You have asked two questions regarding (1) the standards governing the Board's management of TSET Fund investments, 

A. As trustees, and per the plain terms of the TSET Act, the Board must invest and manage monies in the TSET Fund in accordance with the prudent investor rule. 

¶5 Originating at common law, the "prudent investor rule" requires a trustee to exercise a reasonable degree of care, skill, and caution in making investment decisions regarding trust assets. See GEORGE G. BOGERT, ET AL., BOGERT'S THE LAW OF TRUSTS AND TRUSTEES § 612 (May 2025 Update). The rule is now codified in most states, including in Oklahoma as part of the Oklahoma Uniform Prudent Investor Act, 60 O.S.2021, §§ 175.60Id. § 175.62(A). not in isolation, but in the context of the trust portfolio as a whole and as a part of an overall investment strategy having risk and return objectives reasonably suited to the trust." Id. § 175.62(B) (emphasis added); RESTATEMENT (THIRD) OF TRUSTS: GENERAL STANDARD OF PRUDENT INVESTMENT § 90, cmt. e (2007) ("In short, the prudent investor rule, despite its requirement of caution, does not classify specific investments or courses of action as prudent or imprudent in the abstract.").

¶6 When the Legislature codified the powers and duties of the Board in 2001, it employed language nearly identical to the prudent investor rule. For example, the TSET Act requires Board members "to discharge their duties as trustees ... [w]ith the care, skill, prudence, and diligence, under the circumstances then prevailing, that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character with like aims[.]" 62 O.S.2021, § 2306Id; see also id. § 2307(C) (setting additional parameters for Board decisions).

¶7 It is plain from the foregoing that the Board is bound in its management of the TSET Fund to follow the prudent investor rule. See generally Multiple Injury Tr. Fund v. Wade, 2008 OK 15180 P.3d 120560 O.S.2021, § 175.68

B. As trustee of the TSET Fund, the Board has legal authority to initiate stockholder actions against individual companies in which TSET Fund monies are invested. 

¶8 The answer to your second question is related to the first. Specifically, it is the Board, as trustee of the TSET Fund, that holds direct responsibility for managing the TSET Fund's investments. OKLA. CONST. art. X, § 40(C). While the Board may rely on the assistance of investment managers, it is the Board's duty to establish the TSET Fund's investment and management policies and guidelines. 62 O.S.2021, § 2306see also 60 O.S.2021, § 175.69

¶9 The Board's duty to invest and manage the assets of the TSET Fund includes exercising the rights incident to ownership of stock held in the TSET Fund. For example, under Oklahoma law, a trustee may vote shares held in trust, even if using an investment manager as a proxy. See 60 O.S.2021, § 175.14See BOGERT'S THE LAW OF TRUSTS AND TRUSTEES § 592 ("Where circumstances warrant, a trustee has the power to bring any civil action necessary to protect or administer the trust."); see also 60 O.S.Supp.2024, § 175.24First Nat'l Bank of Wichita Falls v. Stricklin, 1959 OK 208347 P.2d 652Trusts § 284)). 

¶10 In sum, the Board has both the authority and the obligation to manage and protect the TSET Fund's assets, including initiating stockholder action when necessary and appropriate. The necessity and propriety of such action will depend on the circumstances of the particular investment.

¶11 It is, therefore, the official Opinion of the Attorney General that:

1. In managing and investing the assets of the Tobacco Settlement Endowment Trust ("TSET") Fund, the Board of Investors ("Board") is required to follow the prudent investor rule, both as a matter of Oklahoma trust law and the statutes governing the TSET Fund.

2. As trustee of the TSET Fund, the Board has the authority to initiate stockholder action against companies in which the Board has invested monies from the TSET Fund.

GENTNER DRUMMOND
ATTORNEY GENERAL OF OKLAHOMA

ETHAN SHANER
DEPUTY GENERAL COUNSEL

FOOTNOTES

1 Your question, and therefore this Opinion, focuses narrowly on the prudent investor rule. However, it is important to acknowledge the Board's broader duties as trustee overseeing the TSET Fund. Under Oklahoma law, a trustee is bound by a duty of loyalty to the trust beneficiaries--here, the people of Oklahoma--to "invest and manage the trust assets solely in [their] interest." 60 O.S.2021, § 175.65see also RESTATEMENT (THIRD) OF TRUSTS: DUTY OF LOYALTY § 78, cmt. b (2007) ("The trustee owes a fiduciary duty to administer the affairs of the trust solely in the interests of the beneficiaries, and to exclude from consideration his own advantages and the welfare of third persons."). In addition, a trustee owes a duty of prudence in administering the trust, which requires the exercise of "reasonable care, skill, and caution." 60 O.S.2021, § 175.62

60 O.S.2021, § 175.62Id. § 175.63.

Keenan v. Russ, 2026 OK 20Keenan, the court reviewed the constitutionality of the Energy Discrimination Elimination Act of 2022 ("Act") as applied to the Oklahoma Public Employees Retirement System. The Act directs state pension plans to exit investments with any asset manager deemed by the State Treasurer to have boycotted the oil and gas sector. Id. ¶¶ 55-57. The question was whether this divestment mandate conflicts with the constitutional requirement that Oklahoma pension funds be invested for the sole purpose of paying benefits of plan participants. Id. ¶¶ 49-50 (citing OKLA. CONST. art. XXIII, § 12). The Court held that it did, reasoning that the Act "create[ed] a 'dual purpose' for investment decisions made by [an agency] administering a public retirement system as opposed to the 'exclusive purpose' [it] must follow due to the express language" of the constitution. Id. ¶ 60.

The court's analysis in Keenan is relevant to this discussion for two reasons. First, the constitution states explicitly that TSET Fund investments are subject to the laws governing "the investment of monies in state retirement funds." OKLA. CONST. art. X, § 40(C). As a result, while Keenan considered only the Act's application to a particular pension fund, if a similar issue arose with regard to the TSET Fund, it seems likely that the court's reasoning in Keenan would apply. Second, the constitutional conflict the court grappled with in Keenan parallels the long-recognized tension between policy-driven investing mandates and a trustee's fiduciary duty to manage trust assets solely in the interest of the beneficiary. See note 1, supra. Put simply, "[t]he duty of prudent investing...reinforces the duty of loyalty in forbidding the trustee to invest for any object other than the highest return consistent with the preferred level of portfolio risk." John H. Langbein & Richard A. Posner, Social Investing and the Law of Trusts, 79 MICH. L. REV. 72, 98 (1980); Max M. Schanzenbach & Robert H. Sitkoff, Reconciling Fiduciary Duty and Social Conscience: The Law and Economics of ESG Investing by a Trustee, 72 STAN. L. REV. 381 (Feb. 2020) (arguing that a trustee's socially-minded investment decisions are permissible only where the collateral effect of such decisions is secondary to the primary motivation of seeking a prudent balance of risk, return, and diversification of the trust portfolio). Accordingly, the Board would be wise to ensure its investment decisions focus solely on maximizing return to the TSET Fund based on the factors outlined in the Prudent Investor Act, the TSET Act, and the Oklahoma Constitution.

See, e.g, Powell v. Ocwen Fin. Corp., et al., --- F.4th ---, 2026 WL 1084825 (2d Cir. Apr. 22, 2026) (lawsuit brought by trustees of public pension funds for breach of fiduciary duty regarding equity investments), In re Citigroup Inc. S'holder Derivative Litig., 964 A.2d 106 (Del. Ch. 2009) (public retirement and pension funds included as plaintiffs in shareholder derivative litigation).